FILED

97 MAY 27 AM 9: 34

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANNIE CRUMPTON,                    )

    PLAINTIFF,                     )

VS.                                )          CV96-H-995-S

ST. VINCENT'S HOSPITAL,            )

    DEFENDANT.                     )

ENTERED

MAY 2 7 1997

## MEMORANDUM OF DECISION

The court has before it defendant's February 18, 1997 motion
for sanctions.  The motion was deemed submitted to the court for
decision, without oral argument, on May 5, 1997.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure,
defendant's motion requests that this court order plaintiff to
pay defendant's attorneys' fees and costs as a sanction for
bringing and maintaining a frivolous lawsuit.  Defendant filed a
memorandum of law supporting its motion for sanctions on February
18, 1997.  In accordance with the court's earlier order,
defendant submitted a detailed listing of the fees and expenses,
totaling over $29,500, which it seeks to recover from both
plaintiff and plaintiff's counsel.  Plaintiff filed a memorandum

30

of law on April 30, 1997 opposing any award of sanctions against
either plaintiff or plaintiff's counsel.

On April 18, 1996, plaintiff's counsel filed the complaint
in this case alleging race discrimination and retaliation in
violation of Title VII, along with claims of disability
discrimination and failure to reasonably accommodate in violation
of the Americans With Disabilities Act.  Plaintiff's counsel
states that he was representing plaintiff on a worker's
compensation claim, when it became apparent that plaintiff wished
to preserve any claims she may have in federal court but she had
retained no attorney to prepare or file any discrimination
claims.  Due to the impending expiration of the ninety day filing
period following plaintiff's receipt of a right to sue letter
from the EEOC, plaintiff's counsel contends that he was afforded
a limited opportunity to conduct any extensive investigation into
plaintiff's discrimination claims prior to filing the complaint
in this case.

The court acknowledges that the depth and breadth of
counsel's inquiry as to the legal and factual basis of claims may
be relative to the time period between taking on the
representation of such claims and the last date for filing.
However, counsel for plaintiff is reminded that as an attorney

2

signing a complaint, he is always responsible for make <u>a</u>
<u>reasonable and diligent inquiry</u> as to the legal and factual basis
supporting each claim asserted prior to filing <u>any complaint</u>.

On June 7, 1996, less than two months after the action was
filed, plaintiff's counsel filed a motion to withdraw citing a
conflict of interest between counsel and plaintiff as to "an
appropriate course of action that is in the best interest of
plaintiff in connection with the prosecution of this action."
The court denied the motion to withdraw on June 10, 1996.[1]

Counsel for defendant sent a letter to counsel for plaintiff
dated July 12, 1996, informing plaintiff of defendant's intention
to file a Rule 11 motion seeking sanctions and asserting its non-
discriminatory reasons for refusing plaintiff's a pay increase as
well as describing some of the accommodations provided.  <u>See</u>
Exhibit 11 to Defendant's Memorandum of February 18, 1997.
Plaintiff's counsel forwarded this July 12, 1996 letter to
plaintiff, along with a letter from plaintiff's counsel dated
July 23, 1996, which explained the implications of the threat of

---

[1]  Plaintiff's counsel should consider the fact that a
failure to properly investigate claims prior to filing a
complaint may result in counsel being required involuntarily to
continue representation of a client once counsel concludes that
many or all of the claims are baseless and the court refuses to
grant a motion to withdraw.

Rule 11 sanctions and recommended that plaintiff dismiss the case.  See Exhibit A to Plaintiff's April 30, 1997 memorandum. Despite this recommendation, plaintiff was determined to continue pursuing this action.

Discovery in this case concluded on January 6, 1997.  During the course of discovery, the depositions of plaintiff and Linda Pickard were taken, each party propounded and responded to interrogatories and requests for production of documents.

On January 24, 1997 defendant's counsel sent plaintiff's counsel a letter enclosing its motion for Rule 11 sanctions, along with the memorandum in support.  See Exhibit 13 to Defendant's Brief.  In the January 24, 1997 letter, defendant's counsel urged plaintiff to dismiss her claims and sets forth in detail the reasons it believed plaintiff's claims were frivolous, including its statement of non-discriminatory reasons for its employment decisions affecting plaintiff.  Id.

On or about February 11, 1997, plaintiff's counsel sent a letter to plaintiff which indicates that counsel met with plaintiff on February 3, 1997 and discussed the impending motion for summary judgment and motion for sanctions by defendant.  See Exhibit D to Plaintiff's Brief in Opposition.  According to the letter, plaintiff's counsel continued to try and persuade

4

plaintiff to dismiss her claims and had provided plaintiff with copies of the filings in support of the motion for sanctions and the motion for summary judgment. Id. In the letter, plaintiff's counsel informs plaintiff that "it does not appear to be in your best interest to continue to pursue the case." Id. However, according to plaintiff's counsel at no time was he ever granted authority to dismiss plaintiff's case, in whole or in part. See Plaintiff's Brief at p. 11.

Defendant filed its motion for summary judgment on February 6, 1997. On April 1, 1997 the court granted defendant's motion for summary judgment as to all of plaintiff's claims. The undisputed facts established that plaintiff was denied increases in pay on the occasions in question because her current pay was above the pay range for the position she was occupying and that whites and non-disabled employees were treated similarly. Likewise, the undisputed facts established that St. Vincent's made several attempts to reasonably accommodate plaintiff, but the only reasonable accommodation was a trayline dietary assistant position that was technically a demotion, although there was no reduction in pay. Furthermore, plaintiff had no proof that any action taken by defendant was in retaliation for

her opposition to racial harassment, and in fact there was no evidence of even arguable racial harassment nor any protected acts of opposition by plaintiff.

Plaintiff has violated both the spirit and the letter of Rule 11 by relentlessly pursuing this action, despite a series of attempts by defendant and plaintiff's counsel to persuade her to dismiss her claims in the face of a paucity of supporting evidence and a substantial showing of opposing evidence. By continuing the lawsuit following the close of discovery, the detailed letter from defendant's counsel on January 24, 1997 setting forth supported non-discriminatory reasons for defendant's actions, and advice by plaintiff's own counsel that it would be in her best interest to dismiss the case, plaintiff turned a questionable lawsuit into a wholly frivolous lawsuit that presents the baseless types of claims that Rule 11 was created to prevent.

Rule 11(b) provides that plaintiff is not properly maintaining her action in the court unless she must believe to the best of her knowledge based on the information provided: (1) that her allegations have evidentiary support and (2) that she is continuing the action for some purpose other than harassment, causing unnecessary delay or needless increases in the cost of

6

litigation.  Considering the information available to plaintiff by late January of 1997 or early February of 1997, the court concludes that plaintiff could not reasonably believe that she had any proper purpose for continuing the action nor could she reasonably believe that there was evidentiary support for her allegations.

Although plaintiff's counsel may have made only a questionable inquiry into this matter before commencing this action, his attempt to withdraw based on the difference of opinion as to the continued pursuing of this matter only two months into the case precludes any need for sanctions in order to deter repeated or similar conduct.  However, the plaintiff's steadfast pursuit of this action and her unwillingness to acknowledge the clear, undeniable absence of _any_ evidence supporting her claims of discrimination (other than her own subjective beliefs) renders sanctions appropriate as a means of deterring any repetition of such conduct or comparable conduct by others similarly situated.

In this case, defendant provided plaintiff more than ample notice of its intentions to seek sanctions if plaintiff continued to pursue her claims and plaintiff had many opportunities to dismiss the claims prior to defendant having to incur a large

7

amount of legal costs.  However, plaintiff blindly refused to responsibly consider the opposing evidence as set forth by defendant and forced defendant to expend thousands of dollars unnecessarily to resolve this action.  The record establishes that plaintiff was presented with the undisputed evidence proving that the employment actions taken by St. Vincent's in relation to her were based on reasons other than race or her disability, yet single-handedly plaintiff forced the expenditure of great amounts of time and money in the pursuit and resolution of the motion for summary judgment and other necessary trial preparation work during February and March of 1997.

The court concludes that the appropriate sanction for such irresponsible action by the plaintiff and her misuse of the judicial system and its resources would be to require plaintiff to pay defendant for its attorneys' fees and cost incurred as a direct result of plaintiff's refusal to dismiss the action by February of 1997.  By a separate judgment, Annie J. Crumpton will be required to pay St. Vincent's Hospital $8,000.00 as a payment of its attorneys' fees and costs[2] from February of 1997 to the

---

[2] Alternatively, defendant is also entitled to recover attorneys' fees as the prevailing party under Title VII, pursuant to 42 U.S.C. § 2000e-5(k).  Based on the reasoning set forth above, the court has determined that plaintiff's claims were

present.   The court acknowledges that this sanction does not

provide payment for all fees and costs defendants are entitled to

recover.   However, when taking into consideration plaintiff's

financial situation and her status as an individual plaintiff,

rather than an attorney, the court concludes that this amount

provides the appropriate sanction.

DONE this 27th day of May, 1997.

_____

SENIOR   UNITED   STATES   DISTRICT   JUDGE

_____

frivolous, unreasonable and groundless.   Even assuming plaintiff
did not realize the baselessness of these claims initially,
plaintiff clearly continued to litigate these claims after it
became clear that they were frivolous and groundless.   Upon
review of the detailed listing of fees and costs submitted by
defendant, the court concludes that the approximately $29,500.00
requested is a reasonable amount.   However, taking into account
plaintiff's financial situation and other factors, this court has
deemed it appropriate to award only $8,000.00.